UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                       NUMBER: 07-101

VINCENT THOMAS                               SECTION: "B"

## ORDER AND REASONS

Defendant's Motion for Reconsideration of Record Document Number 130 is hereby **DISMISSED**. Defendant Thomas misconstrues the factual record and law here. Defendant admitted that he was previously convicted for the felony drug offense as stated in the Bill of Information, i.e. Possession with Intent to Distribute Cocaine. Record Documents Numbers 45 and 50. The fact that he initially received a probated sentence for that state drug felony conviction would not negate using that conviction to enhance his federal penalty via the noted bill of information. *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010) is factually distinguished from the instant matter. There, the court was considering in an immigration context whether an uncharged enhancement for simple possession of drugs was permissibly used as a felony conviction. Here, Defendant was formally charged with and admitted to the noted drug felony conviction. Further, Defendant's plea agreement expressly stated the parties' agreement concerning use of that conviction and further expressed the government's agreement to forego additional enhancements that might have exposed

Defendant to a mandatory life sentence. Record Document Number 49. Defendant's remaining claims are also frivolous and without foundational support - especially in view of the factual basis, Record Document Number 48, the express waiver of appellate and post-conviction rights in the plea agreement, Record Document Number 49, the appellate court's ruling on direct appeal and subsequent ruling by the sentencing judge on Defendant's §2255 motion.

    Moreover, because Defendant's sentence was based on the statutory mandatory-minimum sentence, not a sentencing range, the sentence imposed is not affected by the crack-cocaine Guidelines amendments. The scope of this 18 U.S.C.A. §3582(c)(2) review is thereby limited and jurisdiction is lacking to entertain Defendant's motion. Compare, *Dillon v. U.S.*, 130 S. Ct. 2683, 2693-2694 (2010) and *U.S. v. Early*, 27 3d 140, 142 (5th Cir. 1994).

    New Orleans, Louisiana, this 21st day of May, 2012.

_____
UNITED STATES DISTRICT JUDGE